AMERICAN SAVINGS ASSOCIATION,
Plaintiff,

v.

SIERRA FEDERAL SAVINGS AND LOAN ASSOCIATION, Charles L. Rector, Ardis L. Blakley, Stephen L. Shambaugh, Roy J. Pogue, Robert E. McGee, Leon M. Bass, John Quintana and Beverley Arnold, Defendants.

Civ. A. No. 83–JM–1889.

United States District Court,
D. Colorado.

June 7, 1984.

Richard Vermeire, Head, Moye, Giles & O'Keefe, Denver, Colo., Stephen C. Sandels, James E. Betke, McDermott, Will & Emery, Chicago, Ill., for plaintiff.

Robert J. Dyer, III, Stutz, Dyer, Miller & Delap, Michael H. Berger, Waldbaum, Corn, Koff & Berger, P.C., Terre Lee Rushton, Edwin H. Kahn, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., William C. Waller, Jr., Wagner & Waller, Englewood, Colo., Leo Gemma, Jr., Andrew M. Low, Davis, Graham & Stubbs, Denver, Colo., John P. Apel, White & Reasor, Nashville, Tenn., for defendants.

ORDER

JOHN P. MOORE, District Judge.

THIS MATTER comes before the court on defendant Shambaugh's motion to dismiss the third claim for relief. Briefs have been submitted by the parties, and oral argument was heard on April 16, 1984. Upon consideration of the motion, briefs, pleadings, and arguments of counsel, it is my conclusion that defendant's motion to dismiss must be granted.

The third claim for relief asserts a claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. The predicate acts alleged in the complaint are acts of fraud in the sale of securities.[1] Plaintiff asserts the following: that defendants engaged in a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5); that defendant Sierra is an "enterprise" as defined in 18 U.S.C. § 1961(4); that defendants' activities fall within the offense defined in 18 U.S.C. § 1962(c); and that defendants conspired to commit these offenses in violation of 18 U.S.C. § 1962(d).

---

1. It should be noted that defendant Shambaugh does not concede that the instruments at issue were "securities." However, for purposes of this motion only, that issue is admitted.

Defendant Shambaugh moves to dismiss the third claim for relief on the grounds that plaintiff has failed to allege any activity in the nature of organized crime. According to defendant, RICO was not intended to provide an additional remedy for those acts which are already addressed by other federal statutes or for which there are common law remedies.

A completely literal reading of RICO would lead to the conclusion that plaintiff has sufficiently pleaded the elements necessary to state a claim under RICO. RICO does not by its express language limit its reach to those who act through an association with "organized crime," and the express language does not appear ambiguous on its face. It is with reluctance that I depart from the plain language of the statute as it is my firm belief that courts ought neither embellish nor ignore statutory language.

 Nevertheless, in enacting RICO, Congress included new penal prohibitions, sanctions, procedural and remedial devices, including a provision for treble damages. Where new remedies are provided, consideration must be given to legislative intent. Although I am hesitant to diverge from the plain language of the statute, I am even more unwilling to find new remedies available for injuries of a kind which in my opinion RICO was not intended to address. RICO seeks to deal with the unlawful activities of those engaged in organized crime. *See United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). Therefore, it is my conclusion that for plaintiff to state a claim under RICO, some connection with crime of an organized nature must be alleged.

 Admittedly, there is a split of authority on this issue.[2] The court of appeals for this circuit has not yet had occasion to rule upon the question of whether RICO implicitly contains an "organized crime" element. In the absence of guidance from the Court of Appeals for the Tenth Circuit,

I am persuaded by the reasoning of Judge Kane of this district as expressed in *Noland v. Gurley*, 566 F.Supp. 210 (D.Colo. 1983). I agree that a "slavish literalism would escort into federal courts through RICO what traditionally have been civil actions in state courts." *Noland v. Gurley, supra,* at 218, *citing Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125, 1136 (D.Mass.1982); *see also Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636 (C.D.Calif.1983); *Adair v. Hunt Intern. Resources Corp.,* 526 F.Supp. 736 (N.D.Ill.1981); *Waterman Steamship Corp. v. Avondale Shipyards, Inc.,* 527 F.Supp. 256 (E.D.La.1981); *Landmark Savings & Loan v. Rhoades,* 527 F.Supp. 206 (E.D.Mich.1981).

The complaint in the present case contains no allegation of any fact which would connect the activities of defendants with criminal activities of an organized nature. Accordingly, it is

ORDERED that defendant Shambaugh's motion to dismiss the third claim for relief is granted.

**2.** *See Schact v. Brown,* Fed.Sec.L.Rep. (CCH) ¶ 99,160 (7th Cir. July 1, 1983); *Trane Co. v. O'Connor Securities,* Fed.Sec.L.Rep. (CCH) ¶ 99,- 502 (2nd Cir. Sept. 19, 1983); *Mauriber v. Shearson/American Express, Inc.,* Fed.Sec.L.Rep. ¶ 99,444 (S.D.N.Y. July 11, 1983).