## ATLANTIC FEDERAL SAVINGS AND LOAN ASSOCIATION OF FORT LAUDERDALE, Donald V. Streeter, Plaintiffs,

v.

## DADE SAVINGS AND LOAN ASSOCIATION, David L. Paul and A.G. Becker Paribas Incorporated, Defendants.

### No. 84–6413–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 21, 1984.

John J. Strauch, Paul G. Crist, Cleveland, Ohio, Robert M. Curtis, Fort Lauderdale, Fla., for plaintiffs.

Sanford L. Bohrer, Miami, Fla., James H. Schropp, Washington, D.C., David L. Ross, Miami, Fla., for defendants.

## ORDER OF DISMISSAL

HASTINGS, District Judge.

This action was brought by Plaintiff, Atlantic Federal Savings and Loan Association of Fort Lauderdale, the issuer of stock under a plan of conversion and a public offering. Plaintiff, Donald V. Streeter, is a stockholder in the Plaintiff corporation, as well as a member of the Board of Directors.

Atlantic Federal has alleged that the Defendants, Dade Savings and Loan Association, David L. Paul, and A.G. Becker Paribas Incorporated, have violated various Federal statutes, causing irreparable harm to the Plaintiffs. Plaintiffs also allege causes of action under theories of state law.

Defendant Dade Savings allegedly purchased more than ten percent (10%) of Atlantic Federal's stock, and filed the required statements under 15 U.S.C. Section 78m(d), otherwise known as a Schedule 13 D statement, in violation of the Securities and Exchange Act of 1934. Plaintiff's claim that the allegedly false statement is the basis for the 15 U.S.C. Section 78j, also called Section 10(b), and 15 U.S.C. Section 78i, also known as Section 9, violations of the Securities and Exchange Act.

It has been alleged (during a hearing) that Atlantic Federal, in an effort to raise capital, made the decision to convert to a public corporation. In the process of preparing its public offering, Atlantic Federal hired Defendant, A.G. Becker, to conduct an independent valuation of the aggregate market value of the shares to be issued by the Plaintiff in its conversion. Becker also was employed by Defendants Dade Federal in its recent conversion. At the time of the purported violations, A.G. Becker was employed by both Plaintiff Atlantic Federal

and Defendant Dade Savings. Atlantic Federal charges that Dade Federal surreptitiously and in concert with Defendants A.G. Becker and David L. Paul, Chairman of the Board of Dade Savings, purchased amounts of stock in the Plaintiff association in an effort to manipulate the price of its stock and take over Atlantic Federal.

Defendants Dade Federal and David L. Paul have filed a motion to dismiss, which relies heavily upon the significant recent decision of the Eleventh Circuit, styled, *Liberty National Ins. Holding Co. v. The Charter Company,* 734 F.2d 545 decided June 1, 1984, case #82–7260. That holding affirms a district court's dismissal of an issuer's complaint very similar to the case *sub judice.* In *Liberty,* the Eleventh Circuit held that under Sections 10(b), 13(d), 14(d) and 14(e) of the Securities and Exchange Act of 1934, there is neither express nor implied authority for an issuer to bring a suit requiring a shareholder to divest himself of its stock holdings in the issuer.

 Based upon the *Liberty* opinion, this Court finds that the Plaintiffs in the case at bar have no express or implied cause of action under the Federal statutes. Therefore, not only must those counts fail (Counts IV and part of V) but so must the pendant state claims.

The nucleus of the *Liberty* opinion is based upon Section 13(d), which is first addressed in the instant action under Count IV. However, since Section 13(d) threads its way throughout the complaint and in fact forms the very heart of the matter complained of, the first issue to be addressed, raised by the motion to dismiss, is whether "an issuer has an implied right of action under Section 13(d) of the Exchange Act for injunctive relief to expel an unwanted shareholder from the company." *Liberty* at 560.

Mr. Streeter, who is also a Plaintiff in this case, claims standing due to the fact that he is a shareholder. Therefore, an additional issue not raised in *Liberty* is raised here; that is, whether a shareholder has an implied private right of action distinguishable from that of the issuer, Atlantic Federal, under Section 13(d).

Determining whether a private cause of action lies under the law is a question of statutory construction. As the Court in *Liberty* reasoned, this Court finds it necessary

> to conduct the four-prong inquiry espoused in *Cort v. Ash,* 422 U.S. 66 [95 S.Ct. 2080, 45 L.Ed.2d 26] (1975) and its progeny: (1) whether the Plaintiff is a member of a class for whose especial benefit the statute was enacted; (2) whether there is any explicit or implicit indication of congressional intent to create or deny *this* private remedy for *this* Plaintiff; (3) whether this private remedy for this Plaintiff would be consistent with the underlying purpose of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law.

*Liberty* at 561.

Applying the first prong of *Cort* the Plaintiff, Atlantic Federal, as a savings and loan association and a corporation, is not intended to be a beneficiary of Section 13(d). The Supreme Court held in *Piper v. Chris Craft Industries, Inc.,* 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977), that "the legislative history of the Williams Act of which Section 13(d) is a part, is clear that the sole purpose was to protect present and potential investors." *Liberty* at 561.

Plaintiffs in the case at bar have not alleged how they, as particular Plaintiffs were intended to benefit from the statute. They also fail to present themselves as present or potential investors who would be harmed by any misrepresented stock market values. The *Liberty* opinion provides a lengthy analysis of the Williams Act, explaining that Congressional intent does not appear to support a private right of action in the issuer for injunctive relief to compel a stockholder to divest himself of the issuer's stock. *Liberty* at 563.

The Williams Act dealt mainly with tender offers.... To permit the issuer to oust the new stockholder simply because he made a false filing would tip the balance towards management could solidify its position by subjecting to suit any outsider who accumulated more than five percent (5%) of the shares of the company, and thus discourage such accumulations.

*Liberty* at 566.

This Court is in agreement with the Eleventh Circuit Court of Appeals in that injunctive relief of the type asked for in the case at bar should not be granted.

■ Various other claims are interwoven into Count IV of Plaintiff's complaint, which is based on the Section 13(d) violation. Plaintiffs also allege a violation of Sections 9 and 10(b) of the Securities and Exchange Act (SEC), also known as 15 U.S.C. Sections 78i and 78j respectively. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), denied standing to Plaintiffs in an action brought under Section 10(b) by a retail user of trading stamps against a stamp corporation alleging that Plaintiff was dissuaded from accepting an offer because of a materially misleading business statement. The Supreme Court of the United States held that one must be a "purchaser" or "seller" of securities to maintain a private cause of action under the terms defined in the 1934 Act. Atlantic Federal and Mr. Streeter, Plaintiffs in the case at bar, fail to allege their status as "purchasers" or "sellers."

The pleading requirements of Section 9 also are not met, according to *duPont v. Wyly*, 61 F.R.D. 615 (1973), where a shareholder brought an action asserting numerous securities laws violations, allegedly evidencing a continuing conspiracy among Defendant's corporation and accountant to perpetrate a fraud on the market. The United States District Court of Delaware held that a Plaintiff must allege that he purchased shares after the purported price manipulations occurred. Plaintiffs must illustrate that they are directly affected by Section 9 manipulations. Once again, Plaintiffs in the present action failed to properly plead their Section 9 claim against Defendants. This court finds that Plaintiff's entire Count IV, which is based on Sections 9, 10(b), and 13(d) should be dismissed for failure to plead properly, thereby leaving no cause of action.

Counts I, II, III, and VI, allege violations of the National Housing Act, 12 U.S.C. Section 1725; Federal Home Loan Bank Board (FHLBB) Conversion Regulations, 12 C.F.R. part 563(b); Control Act, 12 U.S.C. Section 1730(q); and the Holding Company Act, 12 U.S.C. Section 1730a. All four counts mentioned above should be dismissed on the grounds that Plaintiffs do not have a private right of action unless they are "purchasers" or "sellers" of securities. *Cort v. Ash, supra,* discussed and relied upon in the *Liberty* opinion, *supra,* disposes of Plaintiff's complaints in the above counts. The Court finds that, by applying the four-prong analysis in *Cort,* Plaintiffs fail to meet the requirements of standing in a private cause of action.

Finally, Plaintiff's Counts VII, VIII, IX, and X are state claims under the guise of federal common law. Plaintiffs allege that Defendants breached their "contract" with Atlantic Federal. These are state claims whereby this court lacks jurisdiction to hear the causes of action.

■ The next dispositive issue is the Plaintiff's claim in Count V that Defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sections 1961–68. In a recent decision by the Second Circuit, the Court of Appeals held that in order to state a civil RICO claim, a plaintiff must allege a "racketeering injury" which it defined as including an "injury different in kind from that occurring as a result of the predicate acts themselves." *Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d 482, at 493 (2nd Cir.1984). *Sedima* involved business fraud where Defendants allegedly falsely overstated purchase prices of electronic component parts. The opinion clarifies that RICO was de-

signed to protect the type of injury only where "mobsters," either through legitimate or illegitimate businesses, "cause systematic harm to competition and the market, and thereby injure investors and competitors," *Sedima,* at 492. The Court further held that RICO is designed to punish only criminal conduct. Therefore, "a criminal conviction must precede a private civil suit." *Sedima,* at 497. In the case at bar, none of the above requirements are met. This court finds the holding in *Sedima* persuasive.

■ Defendant, A.G. Becker, has also filed a motion to dismiss arguing that Plaintiffs have failed to allege any federal claim against this Defendant. This Court agrees with the Defendant in that the Plaintiff's claims against A.G. Becker, contained in Count IX of the complaint, and those against the other Defendants do not derive "from a common nucleus of operative fact," as a required predicate to the exercise of pendant jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 2, 15–16, 96 S.Ct. 2413, 2414, 2420–2421, 49 L.Ed.2d 276 (1976). The claims against A.G. Becker are based on allegations of breach of contractual obligations during and in connection with the underwriting. The gravamen of the claims against Defendant Dade Savings, on the other hand, is that it has engaged and is engaging in a continuing, undisclosed plan with respect to its ownership of Atlantic Federal stock. These actions could only have been effected *after* the underwriting was completed. The claims against A.G. Becker thus have nothing to do with the other Defendant's efforts to acquire stock.

Plaintiffs also alleged that A.G. Becker breached its fiduciary duties. The Court finds, however, that if this Defendant has breached fiduciary duties with respect to Atlantic Federal, those claims should be brought under state law.

Finally, Plaintiffs allege that Defendant A.G. Becker breached its contractual duties to Atlantic Federal. Through a letter agreement, A.G. Becker agreed to provide a written appraisal for Plaintiff's conversion and perform other necessary services in connection with the appraisal. Plaintiff's allegations fail to charge Defendant with breach of this specific duty, but rather, accuse Defendant of violating duties which were not present in the letter agreement. Therefore, this Court finds that Plaintiffs did not sufficiently allege a breach of contractual obligations on the part of A.G. Becker.

Therefore, after careful consideration of the motions to dismiss, the responses, the lengthy memoranda filed by counsel, having heard extensive argument and being otherwise fully advised, this Court finds that the Plaintiffs in the instant case have failed to state a cause of action. It is

ORDERED AND ADJUDGED, that the complaint filed herein against all Defendants is DISMISSED with prejudice.