**Vincent J. ALIBERTI, Plaintiff,**

v.

**E.F. HUTTON & CO., INC., et al., Defendants.**

**Civ. A. No. 82–3385–G.**

United States District Court, D. Massachusetts.

Aug. 30, 1984.

Honora Kaplan, Gitlin, Emmer, Kaplan & Bohn, Boston, Mass., for plaintiff.

Gerald Gillerman, Widett, Slater & Goldman, Boston, Mass., for defendants.

James Coyne King, Hanify & King, Boston, Mass., for Joel Krinsky.

### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

GARRITY, District Judge.

This is a churning case originally brought under the federal securities laws. Plaintiff now seeks to amend his complaint to add a claim under the civil remedy of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). Defendants oppose the amendment on the ground that it fails to state a claim under RICO. We agree and deny plaintiff's motion to amend.

The task of determining the proper scope of civil RICO has engaged many courts and yielded divergent results. See *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482, 492–493 (2 Cir.1984), (collecting cases). In particular, courts have split over the applicability of civil RICO to churning cases. *E.g., compare Divco Constr. & Realty Corp. v. Merrill Lynch*, S.D.Fla.1983, 575 F.Supp. 712 (RICO inapplicable) *with Mauriber v. Shearson/American Exp.*, S.D.N.Y.1983, 567 F.Supp. 1231 (RICO applicable). The disagreement centers on the extent to which the declared purpose of the statute, which is combatting organized crime, should limit the sweeping implications of its language, which encompasses so-called "garden variety" frauds.

We subscribe to the "familiar rule," expressed by the Supreme Court in another context, that "a thing may be within the letter of the statute and yet not within the statute, because it is not within its spirit, nor within the intention of its makers." *United Steelworkers of America v. Weber*, 1979, 443 U.S. 193, 201, 99 S.Ct. 2721, 2726, 61 L.Ed.2d 480. That view is especially apropos of civil RICO. *American Savings Assoc. v. Sierra Federal Savings and Loan*, D.Col.1984, 586 F.Supp. 888, 889 (cautioning against "slavish literalism" in construing civil RICO).

RICO's central purpose is clear: to eliminate organized crime from American society. *United States v. Turkette*, 1981, 452 U.S. 576, 588–93, 101 S.Ct. 2524, 2531–2533, 69 L.Ed.2d 246. Even if not technically required, *Moss v. Morgan Stanley, Inc.*, 2 Cir.1983, 719 F.2d 5, 21, a connection between organized crime and the alleged racketeers is an important consideration in determining whether a particular claim is "within [RICO's] spirit, [or] within the intention of its makers."

Another important consideration is the existence of other federal statutes, such as the securities laws, that create civil remedies for the victims of fraud. Civil RICO, with its treble damages provision, was not meant to supplant these many statutes. If it were, the legislative history of this revolutionary civil remedy would certainly say so; instead it is marked by "clanging silence." *Sedima, supra* 741 F.2d at 492.

In our opinion, the validity of a civil RICO claim depends in large measure upon the identity of the alleged racketeers and the nature of their activities. In the instant case, no organized crime connection is alleged. Furthermore, defendants' alleged churning is actionable under the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. In these circumstances, plaintiff fails to state a valid RICO claim. His motion to amend is therefore denied.