ORA CORPORATION, Plaintiff,

v.

**Gordon R. VINSON; Fortune, Inc.; North Carolina Palco Company, Inc.; Intercel Chemistries, Inc.; Robert F. Schmunk; A.C. Palmer; A.C. Palmer d/b/a Chemical Services Co.; and Harold E. Sullivan, Defendants.**

and

**Robert F. SCHMUNK and Intercel Chemistries, Inc., As Third-Party Plaintiffs,**

v.

**Robert B. WILSON, a/k/a Robert B. Wilson, Jr., Third-Party Defendant.**

Civ. A. No. 84–444–14.

United States District Court, D. South Carolina, Greenville Division.

Nov. 14, 1984.

R. David Massey, R. Scott Tewes, Brown & Hagins, P.A., Greenville, S.C., John P. Freeman, Columbia, S.C., for plaintiff, Ora Corp.

James M. Herring, Herring & Meyer, Hilton Head Island, S.C., for defendants, Gordon R. Vinson, Fortune, Inc. and North Carolina Palco Company, Inc.

Larry D. McDonald, Greenville, S.C., for defendants and third-party plaintiffs, Intercel Chemistries, Inc. and Robert F. Schmunk.

Albert Q. Taylor, Jr., Leatherwood, Walker, Todd & Mann, Greenville, S.C., for defendant, Harold E. Sullivan.

R. Scott Tewes, Brown & Hagins, P.A., Greenville, S.C., for third-party defendant,

Robert B. Wilson, a/k/a Robert B. Wilson, Jr.

## ORDER

WILKINS, District Judge.

Defendant Harold Sullivan moves to dismiss Plaintiff's claims brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961–1968 (West Supp.1970–1983), for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). He asserts that a civil RICO claim must include allegations of criminal convictions of the alleged racketeering activities and a separate and distinct "racketeering injury" to constitute a cognizable cause of action. His motion was denied by an order issued from the bench on October 23, 1984. The Court now sets forth more fully the basis for its decision.

Plaintiff alleges that Defendants conspired and instigated a scheme to deprive it of waste acid shipments and of payments for disposal of the shipments. Plaintiff further alleges that Defendants conspired and operated an enterprise through a pattern of mail and wire fraud activities in violation of RICO. Defendant Sullivan contends that this alleged conduct constitutes mere fraud and not the type of corrupt business practices which Congress intended RICO to eradicate.

In determining the scope of the RICO provisions, the Court must first look to the language of the statute, *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), which Congress has dictated "shall be liberally construed to effectuate its remedial purposes." RICO, Pub.L. No. 91–452, § 904(a), 84 Stat. 922, 947 (1970). Plaintiff alleges a violation of Section 1964(c) which provides a civil remedy of treble damages and costs for "[a]ny person injured in his business or property by reason of a violation of section 1962." Defendants are charged with violating the following portions of Section 1962:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce....

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

The term "racketeering activity" includes "any act which is indictable under any of the following provisions of title 18, United States Code: ... section 1341 (relating to mail fraud), section 1343 (relating to wire fraud)...." Section 1961(1)(B). A ' "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years ... after the commission of a prior act of racketeering activity.' Section 1961(5). The term ' "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals

associated in fact although not a legal entity.' Section 1961(4).

The Court recognizes the capacious language of RICO provides a federal forum and new remedies for acts which previously would have been cognizable at the state level or pursuant to other federal statutes. However, the language of RICO and its legislative history indicate that Congress "was alerted to the far-reaching implications of [RICO]," *Schacht v. Brown*, 711 F.2d 1343, 1361 (7th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983), and that Congress "was well aware that it was entering a new domain of federal involvement through the enactment of this measure," *United States v. Turkette*, 425 U.S. at 586, 101 S.Ct. at 2530. Courts are without authority to restrict the plain meaning of RICO. *Id.* at 587, 101 S.Ct. at 2530. Accordingly, this Court holds that the clear language of RICO does not require the additional elements suggested in the motion to dismiss. Even if changes to the language of RICO would offer improvement, a court does not have the authority to redraft legislative acts. These additional elements may be added only by legislative action and not judicial edict. Neither should a court use the veil of "interpretation" to engage in legislating.

## PRIOR CRIMINAL CONVICTIONS

Defendant Sullivan urges the Court to follow *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 741 F.2d 482, 503 (2d Cir.1984), which required prior criminal convictions of the alleged predicate racketeering activities. The Court declines to follow *Sedima* for several reasons. A racketeering activity is defined as an act "which is chargeable under State law" or which is "indictable under" any of several listed provisions of federal law. Section 1961(1). This clear language rebuts the contention that Congress intended to require a criminal conviction as a prerequisite to a civil RICO suit. If Congress had intended to require a prior conviction it could have easily said so. The words "chargeable" and "indictable" simply do not mean convicted. Congress did not intend for an injured litigant's civil recourse to depend on the exercise of prosecutorial discretion or, if the decision to prosecute is made, the outcome of a criminal trial. Also, other courts have refused to limit the scope of RICO by requiring prior criminal convictions of the predicate offenses. *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1287 (7th Cir.1983); *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 95 n. 1 (6th Cir.1982).

While the Fourth Circuit has not directly addressed this issue, the court recently reversed the dismissal of a RICO claim for failure to state a meritorious cause of action. *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060 (4th Cir.1984). The Court held that the appellant had sufficiently alleged predicate racketeering activities, extortion and attempted extortion, under the applicable state law, and that the cause of action was therefore "immune to a Rule 12 motion to dismiss." *Id.* at 1063. The court upheld the sufficiency of the RICO claim apparently without requiring the additional element of prior criminal convictions of the racketeering activities. Accordingly, this Court finds that the plain language of the statute and weight of authority preclude the requirement of prior criminal convictions of predicate offenses as a prerequisite to a civil RICO suit.[1]

---

1. The Court notes that a connection with organized crime is often associated with the alleged requirement of prior criminal convictions. However, a nexus to organized crime has been uniformly rejected by a majority of courts addressing this issue. *Owl Construction Co., Inc. v. Ronald Adams Contractor, Inc.*, 727 F.2d 540, 542 (5th Cir.1984) *cert. denied*, — U.S. —, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984); *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 21 (2d Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d at 1287 n. 6; *Bennett v. Berg*, 685 F.2d 1053, 1063 (8th Cir.1982), *aff'd en banc*, 710 F.2d 1361 (8th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Kitchens v. U.S. Shelter*, No. 82–1951–1, at 13 (D.S.C. Oct. 29, 1984) (order denying dismissal). This Court joins the majority in rejecting such a limitation of the scope of RICO.

## RACKETEERING INJURY

Defendant Sullivan also urges the Court to hold that a cognizable civil RICO claim must include an allegation of a "racketeering injury" separate and distinct from the injury caused by the commission of the predicate racketeering activities. RICO requires that a plaintiff allege an injury to his business or property "by reason of a violation of section 1962," which renders unlawful the operation of an enterprise through a pattern of predicate racketeering activities. Accordingly, a RICO plaintiff must allege injury resulting from the commission of at least two predicate offenses. There simply is no requirement that a plaintiff assert an additional "competitive" or "racketeering" injury resulting from the racketeering enterprise. *E.g., Schacht v. Brown,* 711 F.2d at 1358; *Kitchens v. U.S. Shelter,* No. 82–1951–1, at 17; *Mauriber v. Shearson/American Express, Inc.,* 567 F.Supp. 1231, 1240–41 (S.D.N.Y.1983); *see Furman v. Cirrito,* 741 F.2d 524, 533 (2d Cir.1984). Moreover, the separation of a "racketeering" injury from an injury resulting from the predicate racketeering activities creates an artificial distinction, for any alleged injury from the operation of the enterprise emanates from the commission of the predicate acts. Accordingly, the Court finds that a "competitive" or "racketeering" injury is not a required element of a cognizable civil RICO claim.

The motion to dismiss is therefore denied.

AND IT IS SO ORDERED.