### WANG LABORATORIES, INC.

### v.

### Norman D. BURTS, et al.

### Civ. A. No. N–84–1977.

United States District Court,
D. Maryland.

Oct. 1, 1984.

On Motion to Dismiss Amended
Complaint Jan. 28, 1985.

Barry L. Steelman, and Kaplan & Kaplan, Baltimore, Md., and H. Kenneth Kudon, and Cooter & Gell, Washington, D.C., for plaintiff.

Daniel G. Downer, Jr., and Burgmeier, Buppert & Downer, Annapolis, Md., for defendant William D. Duncan.

Kenneth B. Folstein, Greenbelt, Md., for defendants David A. Neubrech, Lisa A. Burch, Comptec, Inc. and Basys, Inc.

## MEMORANDUM

NORTHROP, Senior District Judge.

This is a civil action for damages brought by Wang Laboratories, Inc. (Wang) under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO) and the common law of misrepresentation and conversion. Currently pending before the Court are motions to dismiss filed by defendants William D. Duncan (Duncan), David A. Neubrech (Neubrech), Norton L. Jeffers (Jeffers), Lisa A. Burch (Burch), Basys, Inc. (Basys) and Comptec, Inc., (Comptec) pursuant to Rules 9(b) and

12(b) of the Federal Rules of Civil Procedure.[1]

## I.

Plaintiff Wang is a Delaware corporation with its principal place of business in Massachusetts. Defendants Comptec and Basys are Maryland corporations, each having its principal place of business in Maryland. Comptec is the parent company of Basys. Comptec allegedly "dominates" and controls the "day to day activities" of Basys. The individual defendants were or are officers and/or directors of these two corporations.[2]

Through its complaint, Wang alleges that in July, 1980, it entered into a contract with Comptec, by virtue of which Comptec was to purchase Wang computer equipment for resale in the Washington, D.C. area (the contract). By the end of 1981, Comptec had a delinquent balance with Wang in excess of one million dollars. Although reluctant, Wang extended the aforementioned contract with Comptec through June 30, 1982. The extension was based in part on an exchange of correspondence and a meeting on January 8, 1982, wherein Comptec agreed to apply all discounts earned thenceforth to its delinquent balance.

By letter dated April 15, 1982, defendant Norman A. Burts (Burts), the president and chief executive officer of Comptec, submitted a list of potential customers to Wang. These customers represented possible payments to Wang of $81,345. It is alleged that Burts knew when he wrote the letter that the information contained therein was false, and that the purpose of the letter was to fraudulently induce Wang to continue shipping computer equipment to Comptec.

Wang further alleges that at least as early as the January 8, 1982 meeting, the defendants, by virtue of their positions in Comptec or Basys, "devised and began to implement a scheme to defraud Wang of the money Comptec owed Wang and to misappropriate part or all of such money to themselves." Complaint at ¶ 21. In furtherance of this scheme, the defendants allegedly manipulated Comptec by, *inter alia*, misappropriating to themselves deposits toward the purchase of Wang equipment, selling Wang equipment to end users outside the D.C. area, passing through the United States mails worthless checks, and misrepresenting Comptec as an authorized Wang dealer after the termination of the Wang contract. It is further alleged that in August 1982, defendant Burts attempted to blackmail Wang by conditioning repayment of the balance due Wang upon Wang's shipment of equipment following termination of the contract.

On this basis, Wang makes a RICO Act and two state law claims. With regard to RICO, Wang asserts that in effecting their fraudulent scheme, defendants committed acts indictable under both the federal mail fraud statute, 18 U.S.C. § 1341, and the federal wire fraud statute, 18 U.S.C. § 1343; that defendant Burts' aforementioned acts constituted extortion; that such acts are "racketeering activity" within the meaning of 18 U.S.C. § 1961(1); that Comptec, Inc. is engaged in interstate commerce and is an "enterprise" within the meaning of 18 U.S.C. § 1961(4); that, alternatively, the defendants are an "enterprise" functioning as a continuing unit for a common purpose; that the activities of the enterprise(s) is a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5); that plaintiff has been injured in its business and property; and that plaintiff is therefore entitled to recover treble

---

**1.** James M. Tetrick was originally named as a defendant, but by stipulation the complaint against him has been dismissed.

Other defendants, not parties to the instant motion, included Norman D. Burts, Toni M. Lefthouse, Ralph D. Crowe, Edward Ryner and Von L. White.

**2.** It is alleged that (1) Duncan is the former president of Basys; (2) Neubrech is the former president of Comptec; (3) Jeffers is a current director of Comptec; and (4) Burch is an officer and or managing agent of Comptec and/or Basys.

damages, court costs and attorneys' fees under 18 U.S.C. §§ 1964(a) and 1964(c), which provides civil remedies for any person injured by reason of a violation of 18 U.S.C. § 1962.

Defendants assert that plaintiff has failed to properly allege certain elements of a RICO civil cause of action. In addition, and perhaps primarily, defendants contend that plaintiff has pleaded its fraud claims with insufficient particularity, thereby justifying dismissal under FED.R.CIV.P. 9(b). Finally, defendants challenge the sufficiency of the state law claims.

## II.

Under RICO, Congress has deemed it "unlawful for any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in ... interstate or foreign commerce." 18 U.S.C. § 1962(b). It is also unlawful for "any person employed by or associated with any enterprise ... to conduct or ... participate ... in the conduct of such enterprise's affairs through a pattern of racketeering activity...." *Id.* Section 1962(c). Further, it is unlawful to conspire to violate any of these sections. *Id.* Section 1962(d). A party suffering an injury in his business or property from a violation of RICO may sue for treble damages and attorneys' fees. 18 U.S.C. § 1964(c).

Defendants have asserted that Wang fails to plead facts sufficient to describe a violation of RICO. Specifically, defendants submit that there have been insufficient allegations of two incidents of "racketeering activity" by the enterprise and that Wang has not alleged an "injury to business or property" within the meaning of 18 U.S.C. § 1964(c). Neither of these arguments withstand analysis.

■ 18 U.S.C. § 1961(1) defines "racketeering activity" to include "any act or threat involving ... extortion ... [or] any act which is indictable under any of the following provisions of Title 18, United States Code: ... section 1341 (relating to mail fraud), section 1343 (relating to wire

fraud)...." The complaint clearly alleges at least two acts in furtherance of the conspiracy that may be in violation of the mail and wire fraud statutes. Additionally, defendant Burts' alleged extortion is an "act" included in the definition of "racketeering activity." *See* Complaint ¶ 22(b), (c) and (e) and ¶ 23. *Cf. United States v. Weatherspoon*, 581 F.2d 595, 602 (7th Cir. 1978) (each act is a separate offense under RICO even if there is but one scheme involved). Wang has met its pleading burden with respect to allegations of "racketeering activity."

■ In order for a plaintiff to have standing to bring a RICO claim, he must allege an "injury in his business or property" by reason of a violation of RICO. 18 U.S.C. § 1964(c). While this injury requirement has been problematic, *see* Blakey, The RICO Civil Fraud Action in Context: Reflections on Bennett v. Berg, 58 Notre Dame L.Rev. 237, 328–29 (1982); Blakey and Gettings, Racketeer Influence and Corrupt Organizations (RICO): Basic Concepts—Civil and Criminal Remedies, 53 Temple L.Q. 1009, 1040–41 (1980), this Court concludes that Wang's allegations of injury to its business reputation and customer goodwill in addition to its loss of revenues satisfied the injury requirement of 18 U.S.C. § 1964(c). *See Kimmel v. Peterson*, 565 F.Supp. 476, 495 (E.D.Pa. 1983) (Plaintiff's allegations of monetary losses as a result of defendant's fraud sufficiently allege "injury" under 18 U.S.C. § 1964(c)); *Hellenic Lines, Ltd. v. O'Hearn*, 523 F.Supp. 244, 248 (S.D.N.Y. 1981) (the corporation was injured for purposes of RICO if, as alleged, it sustained monetary damages).

In sum, the Court concludes that Wang has stated a RICO claim sufficient to withstand defendants' motion insofar as it is based on FED.R.CIV.P. 12(b)(6). *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1356 (1969 and supp. 1984).

### III.

All the defendants in this action argue that the complaint fails to plead fraud with the particularity required by FED.R.CIV.P. 9(b).[3] Specifically, defendants contend that the complaint fails to allege with sufficient particularity (1) the individual defendant's participation with the RICO enterprise, and (2) any link between the individual defendants and the alleged acts of racketeering activity. Wang, in response, asserts that it has been as specific in framing the complaint as possible at this stage of the proceedings, and that supplementary factual allegations will be made as the information is obtained through discovery.

On its face, the complaint sets forth in general form a scheme allegedly devised and implemented by Comptec and Burts to defraud Wang. The other defendants are alleged to be in a position to control or be controlled by Comptec in furtherance of this scheme. Other than the defendants' respective positions with the corporations, however, there is no allegation of their individual participation in the alleged fraud. Instead, Wang groups all twelve defendants together under the heading of "defendants" in three conclusory paragraphs. See Complaint ¶ s 21, 22 and 23. Even when read in conjunction with FED. R.CIV.P. 8(a), the Court concludes that these allegations are not sufficiently particular to satisfy Rule 9(b).

▇▇▇ Initially, Wang must specify what role Basys played in the alleged scheme. Other than alleging Basys was dominated by Comptec, there are no allegations that Basys ever dealt with Wang. By the same token, there are no allegations linking Basys' directors and officers to the scheme allegedly implemented by Burts and Comptec. Moreover, it is alleged that with respect to Comptec, defendant Burts is and was the president and chief executive officer and the principal mover behind the fraudulent scheme. The extent of participation of defendants Jeffers, Burch and Duncan in Comptec and in the alleged plan needs to be explicated. The same holds true for the other defendants not party to the instant motions.

In sum, the Court concludes that while the allegations state a RICO claim against defendants Burts and Comptec, they do not sufficiently allege a cause of action against the individual defendants or Basys. Pretrial discovery may be needed to elucidate the exact parameters of the fraudulent scheme, but at this juncture the complaint does not allege, even in general terms, the relationship of the individual defendants to the purported scheme. Additional discovery by Wang should not be necessary to rectify the vagueness inherent in its pleading. *See Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982), *cert. denied*, —— U.S. ——, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983) (dismissing a RICO claim under 9(b) ); *Hellenic Lines, Ltd. v. O'Hearn*, 523 F.Supp. 244 (S.D.N.Y.1981) (same).[4]

### IV.

▇▇▇ Count II alleges that the named defendants converted and conspired to convert monies that Comptec agreed to assign to Wang.[5] Defendants argue that while

---

**3.** Rule 9(b) of the Federal Rules of Civil Procedure provides, with regard to averments of fraud, that "the circumstances constituting fraud ... be stated with particularity."

**4.** This Court's decision is entirely consistent with Judge Miller's opinion in *Windsor Associates v. Greenfeld*, 564 F.Supp. 273 (D.Md.1983). There, unlike here, the complaint was sufficiently laden with particulars to apprise defendants of the claims against them. *Id.* at 280. Moreover, the complaint in *Greenfeld* did not group multiple defendants together under a general heading of "defendants." Rather, the complaint

particularized the participation and activities of the two defendants in the fraudulent scheme.

**5.** Wang does not object to defendant Duncan's dismissal from this Count because "Wang has not alleged defendant Duncan to have participated in the activities which form the basis of Count II." Wang's Memorandum in Opposition to Duncan's Motion to Dismiss at p. 14. This same concession has not been made to any other defendant. The Court finds this curious inasmuch as Count II seeks relief against "all defendants" and there is no difference between the allegations implicating Duncan and any other defendant, except Burts and Comptec.

there may have been an obligation to pay Wang, failure to do so does not translate into an action for conversion. Wang offers no opposition. This Court agrees with the defendants' position.

To constitute an action of conversion under Maryland law, there must be an unlawful or tortious taking or exercise of dominion by the defendant over the plaintiff's property. *See e.g. Saunders v. Mullinix,* 195 Md. 235, 240, 72 A.2d 720 (1949); *Western Maryland Dairy v. Maryland Wrecking Co.,* 146 Md. 318, 327, 126 A. 135 (1924); *Staub v. Staub,* 37 Md.App. 141, 376 A.2d 1129 (1977). As a general rule, however, failure to pay a contractual debt is not the equivalent of conversion. *See* W. Prosser, Law of Torts § 15, at 82–83 (4th ed. 1971); Restatement (Second) of Torts § 242, comment f (1965). And, while no Maryland case appears to address the issue directly, decisions in other jurisdictions uniformly hold that "there can be no conversion of an ordinary debt." *Jensen v. State Bank of Allison,* 518 F.2d 1, 5 (8th Cir. 1975) (applying Iowa law). *See also Lyxell v. Vautrin,* 604 F.2d 18, 21 (5th Cir.1979) (applying Alabama law); *United States Fidelity and Guaranty Co. v. Bass,* 619 F.2d 1057, 1060 (5th Cir.1980) (applying Alabama law); *Dawkins v. National Liberty Life Insurance Co.,* 263 F.Supp. 119, 121 (D.S.C.1967) (applying South Carolina law).

If Wang can plead facts sufficient to support its conversion claim under Maryland law, it may advance that claim in an amended complaint. Now, however, to the extent Count II seeks recovery in conversion for a contractual debt, it will be dismissed pursuant to FED.R.CIV.P. 12(b)(6).

### V.

Count III makes allegations only against defendants Burts and White. No other defendants are named in this count. Indeed, the prayer for relief for Count III seeks damages against Burts and White alone. To the extent Count III can be construed to state a claim against any de-

fendant except White and Burts, it is dismissed. FED.R.CIV.P. 12(b)(6).

### VI.

In conclusion, Count I is dismissed against all defendants except Burts and Comptec. Count II is dismissed in its entirety, and Count III is dismissed against all defendants except Burts and White. Wang is granted leave to file an amended complaint within 20 days. The motions for stay of discovery under FED.R.CIV.P. 26(c) are granted and discovery is stayed pending further order of this Court.

A separate order confirming the within rulings will be entered.

### ON MOTION TO DISMISS AMENDED COMPLAINT

By Order dated October 1, 1984, this Court dismissed Count I of the original complaint as to all defendants except Comptec, Inc. ("Comptec") and Norman D. Burts ("Burts"); dismissed Count II in its entirety; dismissed Count III as to all defendants except Burts and Von L. White ("White"); and stayed all discovery pending further Order. Plaintiff, Wang Laboratories, Inc. ("Wang"), thereafter filed a motion to lift the discovery stay as to Comptec. Comptec, in turn, filed a memorandum in opposition to this motion.

On October 22, 1984, Wang filed a two-count amended complaint. This amended complaint was met with motions to dismiss filed by William D. Duncan ("Duncan"), David A. Neubrech ("Neubrech"), Lisa A. Burch ("Burch"), Comptec and Basys, Inc. ("Basys"). Wang filed a memorandum in opposition to Duncan's motion to dismiss on November 26, 1984, and a memorandum in opposition to the other motions to dismiss on January 22, 1985.

By letter dated December 6, 1984, the Court, *sua sponte,* requested briefs on the application of *Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d 482 (2d Cir.1984), *cert. granted,* —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985), to Count I of the amended complaint. Counsel for the parties submitted

the requested briefs.[1] The Court will now rule on all pending motions. No hearing is necessary. Local Rule 6.

## SEDIMA

In *Sedima, S.P.R.L. v. Imrex, Co.*, 741 F.2d 482 (2d Cir.1984), *cert. granted*, — U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985), the Second Circuit, over a blistering dissent, limited the breadth of the civil RICO statutes by imposing two stringent standing requirements upon persons seeking to allege a cause of action under the civil RICO statutes. One of these requirements was a conviction of a RICO predicate offense. In this Court's opinion, the *Sedima* conviction requirement provided a workable bright-line test for limiting the civil RICO statutes to exclude "garden variety" business fraud. Acceptance of the *Sedima* rationale in this case would, of course, mandate dismissal of Count I because no conviction has been alleged.

After careful consideration of the statute's history and purpose, the development of the applicable case law and a review of Fourth Circuit precedent, the Court concludes that it cannot follow *Sedima*'s criminal conviction standing requirement.

As this Court's December 6, 1984 letter stated, the breadth of civil RICO statutes has been the subject of great dispute, and a split among the United States Courts of Appeal has developed. *See e.g. and compare, Sedima, supra, with Alexander Great Co. v. Tiffany Industries, Inc.*, 742 F.2d 408 (8th Cir.1984). On the district court level, some courts have followed *Sedima*, interpreting it as a revival of the "organized crime nexus" requirement. *See e.g. Atlantic Federal S & L Ass'n v. Dade S & L Ass'n*, 592 F.Supp. 1089 (S.D.Fla. 1984); *Aliberti v. E.F. Hutton & Co., Inc.*, 591 F.Supp. 632 (D.Mass.1984). Other district courts have rejected the *Sedima* standing requirements. *See e.g. Maxwell v. Southwest Nat'l Bank*, 593 F.Supp. 250 (D.Ka.1984); *Ora Corp. v. Vinson*, 596 F.Supp. 1546 (D.S.C.1984).

█ In this Circuit, the most recent word on RICO comes from *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060 (4th Cir. 1984). In *Battlefield Builders*, Chief Judge Winter reversed a district court ruling that RICO did not apply to "garden variety" business frauds. In its analysis, the court did not suggest that RICO required any participation with organized crime, much less a conviction of a predicate offense. This Court is of the opinion that, faced with the decision, the Fourth Circuit would reject the criminal conviction requirement of *Sedima*. This Court is now faced with the decision and in light of *Battlefield Builders, supra*, holds that it cannot require an underlying criminal conviction in order to state a civil RICO claim.

Having addressed the *Sedima* issue, the Court turns to the pending motions to dismiss.

## MOTIONS TO DISMISS

In its October 1, 1984 Memorandum Opinion, this Court carefully reviewed Wang's RICO claim, defendants' objection thereto, and the applicable law. After doing so, the Court held:

> In sum, the Court concludes that Wang has stated a RICO claim sufficient to withstand defendants' motion [to dismiss] insofar as it is based on FED.R. CIV.P. 12(b)(6). *See Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 101–102, 2 L.Ed.2d 80] (1957); 5C Wright and A. Miller, Federal Practice and Procedure: Civil § 1356 (1969 and supp. 1984).

*Wang Laboratories, Inc. v. Burts*, 612 F.Supp. 441, 445 (D.Md.1984). After concluding the RICO count was sufficient to withstand a FED.R.CIV.P. 12(b)(6) challenge, this Court went on to hold that the allegations were insufficient under FED.R.CIV.P. 9(b), and dismissed Count I

---

**1.** The Court notes that the briefs on the *Sedima, supra,* issue were promptly submitted and thoroughly researched. The Court commends counsel for this effort.

as to all defendants except Comptec and Burts. *Id.*, 445.

On October 22, 1984, Wang amended its complaint, alleging the same facts and elements to support its RICO claim, but alleging more facts about the participation of each defendant in the alleged conspiracy. The Court has reviewed the amended complaint and concludes that it alleges "sufficiently specific facts to put the defendants on notice of what the plaintiffs charge [they] did." *Oliver v. Bostetter*, 426 F.Supp. 1082, 1087, 1089 (D.Md. 1977); *see Windsor Associates, Inc. v. Greenfeld*, 564 F.Supp. 273 (D.Md.1983).

Accordingly, the Court concludes that Count I of the amended complaint alleges sufficient facts under both FED.R.CIV.P. 12(b)(6) and 9(b). To the extent the individual's participation in the alleged scheme is still unclear, that may be remedied through discovery. Further amendment to the amended complaint is not required by the Federal Rules and would serve no useful purpose. All motions to dismiss Count I will be denied by separate Order.

Count II makes allegations only against defendants Burts and White. No other defendants are named in this Count. Indeed, the prayer for relief for Count II seeks compensatory and punitive damages against Burts and White alone. Wang has offered no opposition to the other defendants' motions to dismiss this Count. To the extent Count II can be construed to state a claim against any defendant except White and Burts, it is dismissed. FED.R.CIV.P. 12(b)(6).

## CONCLUSION

The discovery stay imposed on October 1, 1984 will be vacated by separate Order. This ruling effectively moots Comptec's motion to lift discovery stay. Discovery shall proceed in accordance with this Court's Local Rules and the Federal Rules of Civil Procedure.

A separate Order confirming the within rulings will be entered.