Charles DAWKINS, Plaintiff,

v.

NATIONAL LIBERTY LIFE INSUR-
ANCE COMPANY, Defendant.

Civ. A. No. 66–586.

United States District Court
D. South Carolina,
Columbia Division.

Jan. 17, 1967.

**120**

Dallas D. Ball, Columbia, S. C., for plaintiff.

Roger B. Jones, of McKay, McKay, Black & Walker, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

The defendant insurance company moves to strike from the complaint all references to punitive damages and the demand for punitive damages. The company relies on the principle of South Carolina law that no punitive damages are recoverable for a mere failure or refusal to pay a debt or a sum of money.[1] Defendant also moves for a dismissal of the case, referring to a previous case between the parties which was dismissed, on the grounds that it is determinable to a legal certainty that the jurisdictional amount required for diversity jurisdiction in the District Court is not in controversy.

The previous case, Dawkins v. National Liberty Life Ins. Co., 252 F.Supp. 800 (D. S.C.1966), was brought into the court under original diversity jurisdiction rather than as here by removal from the state court. In the first suit the defendant's motion to dismiss was granted because the jurisdictional amount was not in controversy. The disposition of that case was as follows: "The complaint is dismissed, and without prejudice, in order that plaintiff may seek relief in the proper forum." The instant action was subsequently filed in the Court of Common Pleas for Richland County, South Carolina from which it was removed by the defendants on petition and proper bond to the district court. When the action was begun anew in the state court there was added to the language of the original complaint the following paragraph:

11. That simultaneous with and incident to and as a part of its wilful and fraudulent refusal to meet its contractual obligations the Defendant did knowingly and designedly and as a part of its wilful and fraudulent scheme and device unlawfully convert the proceeds of this policy to its own use and has deprived Plaintiff thereof.

The plaintiff resists the motion on two grounds:

(a) When the defendant filed its petition for removal, it alleged therein that the matter in dispute exceeds the sum of Ten Thousand ($10,000) Dollars, exclusive of costs;

(b) The allegations in *this* action contain a sufficiency to warrant punitive damages.

The court cannot agree with the first contention. When the defendant filed the petition and bond for removal it did not waive the right to challenge the jurisdiction of the court at a later time. The petition does not state as an admission that the statutory minimum was actually in dispute either legally or literally, only that it was claimed "as will more fully appear by plaintiff's complaint." This procedure does not of itself confer jurisdiction on the court. Moreover, if the defendant had not petitioned for removal within the allotted time the right to remove would have been lost. Clearly the plaintiff's contentions that statements in the petition *ipso facto* confer jurisdiction cannot be sustained.

The plaintiff's second ground for resisting the motion is that there is now in the complaint, by the added paragraph, allegations which would support an award of punitive damages and that therefore it cannot be determined to a

1. See cases collected in Dawkins v. National Liberty Life Ins. Co., 252 F.Supp. 800, notes 7 and 8 (D.S.C.1966).

legal certainty that the jurisdictional amount is not in controversy and the court therefore has jurisdiction. Apparently no remand is sought. The language of the added paragraph is not clear as to whether the conversion as plead is intended to be a part of a transaction which would constitute a fraud or a breach of contract or whether it is intended to state a separate claim for relief or whether it is to allege a fraudulent act accompanying a breach of the contract. The court has previously ruled in the original action in the district court that the complaint, as it then stood without the added paragraph, did not set forth a claim for which punitive damages could be awarded. The newly added language does nothing to change the previous opinion. To hold that an insurance company had wilfully converted policy benefits to their own use by the same act of merely refusing to pay contested claims would overrule a long line of authorities that have held that such facts do not warrant the imposition of exemplary damages.[2] But, moreover, it is the opinion of the court that those facts do not support an action in conversion, or a finding of conversion as an accompanying fraudulent act to the breach of contract.

■ The South Carolina Court has recently restated the essentials of "conversion" in Castell v. Stephenson Finance Co., 244 S.C. 45, 135 S.E.2d 311 (1964). It was defined as "[a]n unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another or the alteration of their condition or the exclusion of an owner's rights." The demand in the case is set at $500,000.00 actual and punitive damages although the policy benefits owing in the case are conceded to be under $1,000.00. If those amounts were subject to being converted then it can readily be seen that absent any element of wilfulness no recovery could be had which would approach the jurisdictional amount. However, the authorities are

clear that in these circumstances conversion will not lie.

■ "Money may be the subject of conversion, but trover will not lie to enforce a mere obligation to pay money." 89 C.J.S. Trover & Conversion § 23 (1955). Under this black letter rule the treatise continues to state that trover will lie when money has been converted, without any assent on the plaintiffs' part that the relation of debtor and creditor should arise, as it would with any other kind of personal chattels, but that "[t]rover does not lie to enforce a mere obligation to pay money." Id. at p. 541. "There can be * * * no conversion of money, unless there was an obligation on the part of defendant to deliver specific money to plaintiff, or unless the money was wrongfully received by defendant." Id. (footnotes omitted).

■ In Holland v. Spartanburg-Herald-Journal Co., 166 S.C. 454, 165 S.E. 203, 84 A.L.R. 1336 (1932), the South Carolina Court faced the problem in a case which involved an employment contract. The Court regarded the matter thusly:

According to the appellant, his cause of action is for a 'breach of contract of employment,' and, as before stated, he seeks to bring himself under the rule as to punitive damages recognized in the cases of Sullivan v. Calhoun, Winthrop v. Allen and Bradley v. Insurance Co., 162 S.C. 303, 160 S.E. 721. We have fully discussed the Winthrop Case. The other two involved the fraudulent acts of appropriating the property of the plaintiffs to the use of the defendants. In his attempt to bring himself within this rule, the plaintiff says that the defendant has appropriated to itself the salary which the plaintiff would have earned and that this was a fraudulent act. We cannot adopt this view. To do so would be equivalent to saying that every unpaid debt carries with it the implication of fraud on the part of the debtor; that the debtor has converted

2. See note 1 supra.

to his own use the money of another or that he has misappropriated that which was always his own.

The principle enunciated above controls the present case. The complaint does not state a claim for punitive damages, therefore the requisite jurisdictional amount is not in controversy. This court has no authority to proceed any further than to remand the case to the Court of Common Pleas for Richland County from which it was removed.

And it is so ordered.