**BRAND IRON, INC.**

v.

**KOEHRING COMPANY.**

**Civ. A. No. N 83–2056.**

United States District Court,
D. Maryland.

Oct. 18, 1984.

As Amended Oct. 23, 1984.

Norman B. King, Silver Spring, Md., for plaintiff.

Donald E. Sharpe, C. Lamar Garren and Piper & Marbury, Baltimore, Md., for defendant.

NORTHROP, Senior District Judge.

Defendant, Koehring Company, moves for summary judgment pursuant to Rule 56 of the FED.R.CIV.P. on Counts I through III and generally on all claims for punitive damages. After reviewing memoranda and records, this Court is satisfied no hearing is necessary for decision on this motion. Local Rule 6.

The first two counts arise out of an alleged understanding between the parties whereby plaintiff was either the exclusive agent or, alternatively, a distributor or mere agent for the defendant in a proposed sale of forty (40) cranes to the Republic of China (Taiwan). For whatever reasons, the alleged agreement broke down. Plaintiff was neither involved in nor compensated for the subsequent sale of 31 of the 40 cranes Taiwan apparently later purchased from either defendant or defendant's agents.

■ In Count I, the issue is whether defendant gave plaintiff an exclusive right to sell the 40 cranes to Taiwan. It is admitted that plaintiff was an agent of defendant. Plaintiff alleges further, however, that he was the *exclusive* agent for this sale. As an exclusive agent, plaintiff had, in essence, a contract right precluding defendant-principal from either selling the cranes himself or using other agents to do so. *Stahlman v. National Lead Company*, 318 F.2d 388 (5th Cir.1963); W. Sell, Agency § 161 (1975). To determine whether the above exclusive right to sell ever existed will require a determination of the facts through trial. The written contracts and memoranda are not the only evidence receivable on the issue. In review of the record before me, construed favorably for plaintiff, I find genuine issues of material fact.

■ In Count II plaintiff alleges defendant is liable on a theory of tortious interference with contract. It is undisputed, however, that plaintiff was an agent of defendant. It remains the law in Maryland that only a third party who is not party to the contract can be held liable for tortious interference with the contract. *E.g., Continental Gas Co. v. Mirabile*, 52 Md.App. 387, 402, 449 A.2d 1176 (1982). Plaintiff alleges that because defendant was an undisclosed principal, plaintiff was a potential party to a contract with Taiwan. Even if this is true, it is irrelevant because an undisclosed principal also remains liable on the contract and thus is, as a matter of law, not capable of tortiously interfering with that contract. Sell, Agency §§ 13, 14 (1975). In effect, both defendant and plaintiff would be parties to the contract with Taiwan. When plaintiff complains of defendant-principal's "interference" with plaintiff's attempts to sell cranes to Taiwan, he at best restates Count I for breach of agency agreement.

■ Tortious interference with contract is not an available action against the defendant, and defendant is accordingly granted summary judgment on Count II.

Counts III and IV arise from a different set of facts. Defendant apparently agreed to sell plaintiff a crane for the subsequent sale to a purchaser in the United Kingdom (UK). A dispute arose over defendant's sale price. Assuming plaintiff's version of the facts is true for this motion, plaintiff claims defendant overcharged $7,438.79 by refusing to absorb a service charge it had previously agreed to absorb. Plaintiff also claims defendant then caused a cut-off of sales to coerce plaintiff into accepting the overcharge. Plaintiff also alleges in Count IV continued acts in breach of their distributorship agreement, *i.e.*, further cut-off of sales.

■ In Count III, plaintiff seeks damages for conversion arising out of the sale of the crane. Even if the foregoing facts are correct, this count must be dismissed as a matter of law. In Maryland, an action for conversion lies for an unlaw-

ful and tortious taking or exercise of dominion over plaintiff's property. *E.g.,* *Saunders v. Mullinix,* 195 Md. 235, 240, 72 A.2d 720 (1950); *Staub v. Staub,* 37 Md. App. 141, 376 A.2d 1129 (1977). A chose in action, including a debt, may be converted in certain circumstances. Failure by a contracting party to pay the contract price or debt, however, is not conversion but merely breach of contract. *See* Prosser Law of Torts § 15, at 82–83 (4th ed. 1971); Restatement (Second) of Torts § 242, comment f (1965). If there is no Maryland case that has specifically stated this distinction, it is probably because it is so generally understood it is not frequently litigated. There is no deviation from the above general rule evident in cases from other jurisdictions. *E.g., Lyxell v. Vautrin,* 604 F.2d 18 (5th Cir.1979); *Jensen v. State Bank of Allison,* 518 F.2d 1 (8th Cir.1975); *Dawkins v. National Liberty Life Insurance Co.,* 263 F.Supp. 119 (D.S.C.1967); *Luxonomy Cars, Inc. v. Citibank, N.A.,* 65 App. Div.2d 549, 408 N.Y.S.2d 951 (1978). We are given no reason to find Maryland excepted from basic principles of tort and contract law. Because plaintiff has presented facts only sufficient to show a breach of contract, we accordingly grant summary judgment to defendant on Count III as to any claim for conversion. In reviewing the complaint, however, I discover plaintiff has not bothered to claim the $7,438.79 under any other theory. I find, however, that he has essentially made out a case for breach of contract in the Count's allegations. I will not dismiss this Count entirely because plaintiff asserted an incorrect legal theory for the alleged wrong. I therefore grant summary judgment to defendant on any issue of conversion proffered in Count III, but allow the Count to go to trial on breach of contract.

Defendant finally moves for summary judgment against all punitive damages sought by plaintiff. Because I have granted summary judgment for defendant on Count II, I will address the issue of punitive damages only for the other counts.

Counts I, III and IV arise essentially for breach of contract. No punitive damages are available in Maryland for "pure breach of contract." *E.g., Wiggins v. North American Equitable Life Assurance Company,* 644 F.2d 1014 (4th Cir. 1981); *Wedeman v. City Chevrolet Co.,* 278 Md. 524, 529, 366 A.2d 7 (1976). Punitive damages are available where there is a "tort arising out of the contractual relationship" and actual malice is shown. *Wedeman, supra.* In *Wedeman,* the Court of Special Appeals reviewed the applicable Maryland cases and noted in all a distinct, albeit intertwined, tort action present alongside the contract breach. This would be a tort "arising out of contract." *Wedeman, supra,* 278 Md. at 528–29, 366 A.2d 7. Maryland has chosen to apply different requirements of malice for punitive damages for torts arising *before* the contractual relationship (*i.e.,* which may have induced the injured party to enter the contract) and those arising *out* of or intertwined with the contract. *Wedeman v. City Chevrolet Co.,* 278 Md. 524, 366 A.2d 7 (1976); *American Laundry Machinery Industries v. Horan,* 45 Md.App. 97, 110–113, 412 A.2d 407 (1980). This does not mean, however, that Maryland has done away with either the traditional distinctions between tort and contract or the rule that punitive damages are unavailable for breach of contract. I find little in Maryland law evidencing the existence of a tort-contract hybrid like "malicious breach of contract." *But see, Wiggins v. North American Equitable Life Assurance Co.,* 644 F.2d 1014, 1018 n. 12 (4th Cir.1981) (dicta). Rather there is a clear requirement that the injured party allege a separate, distinct and recognizable tort—regardless of whether that tort "arises out of," precedes, or is intertwined with the contract—before we even consider the malice standard applicable for punitive damages. *See, e.g., Wedeman, supra,* 278 Md. at 527–32, 366 A.2d 7; Strausberg, *A Roadmap Through Malice, Actual or Implied: Punitive Damages in Torts Arising Out of Contract in Maryland,* 13 U.Balt.L.R.

275, 283–84 (1984). In Counts I, III and IV plaintiff only alleges breach of contract. Nor do the facts and complaint, as liberally construed, show any other cause. Plaintiff's allegations that defendant breached with hate or deliberate purpose to injure do not in themselves invoke punitive damages for breach of contract. "The traditional goal of the law of contract remedies [has been] ... compensation of the promisee for the loss resulting from breach. 'Willful' breaches have not been distinguished from other breaches [and] punitive damages have not been awarded for breach of contract ...." Restatement [Second] of Contracts, chapter 16, introductory note (1979); *see also id.* at § 355. I must therefore grant defendant's motion for summary judgment on punitive damages.

A separate Order will be issued in accordance with the rulings herein made.

### ORDER

In accordance with the foregoing Memorandum, and for the reasons stated therein, IT IS, this 18th day of October, 1984, by the United States District Court for the District of Maryland, ORDERED:

1. That the defendant's motion for summary judgment BE, and the same hereby IS, DENIED as to Count I;

2. That the defendant's motion for summary judgment BE, and the same hereby IS, GRANTED as to Count II;

3. That the defendant's motion for summary judgment BE, and the same hereby IS, GRANTED as to Count III to the extent that plaintiff seeks damages for conversion; plaintiff may proceed for breach of contract under Count III;

4. That the defendant's motion for summary judgment BE, and the same hereby IS, GRANTED as to punitive damages; and

5. That the Clerk of Court mail copies of this Order and the foregoing Memorandum to counsel for the parties in this case.