Jacquelyn A. COOTS, Guardian

v.

**ALLSTATE LIFE INSURANCE COMPANY, et al.**

**No. CIV.A. DKC 2003–3185.**

United States District Court, D. Maryland.

April 12, 2004.

Stephen B. Mercer, Sandler and Mercer PC, Rockville, MD, for Plaintiff.

Michael P. Cunningham, Bryan D. Bolton, Funk and Bolton PA, Baltimore, MD, Jeffrey W. Bredeck, Eccleston and Wolf PC, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this life insurance case are the motion by Plaintiff Jacquelyn Coots to remand, and the motions by Defendants Allstate Life Insurance Company and Premier Insurance Agency, Inc. to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will deny the motion to remand and will grant the motions to dismiss.

## I. Background

### A. *Factual Background*

The following facts are either uncontroverted or viewed in the light most favorable to Plaintiff Jacquelyn Coots. Plaintiff, a Maryland resident, is the adult guardian of the property for four minor children, whose deceased father, Voga Eugene Wallace, was covered by a life insurance policy that lies at the heart of this action. Upon his death in 2000, Defendant Allstate Life Insurance Company (Allstate), the decedent's insurer, issued a check for each minor child in the amount of $75,393.02, representing each child's

equal portion of the total death benefit of $301,572.08. The checks were issued to Cassandra Wallace, the ex-wife of the decedent, as trustee for each of the children. Ms. Wallace subsequently deposited the checks into a personal brokerage account and depleted the monies in the account without benefit to the minor children.[1]

### B. Procedural Background

On June 9, 2003, Plaintiff filed a one-count complaint in the Circuit Court for Montgomery County against Defendants Allstate and Premier Insurance Agency, Inc. (Premier), a local agent affiliate of Defendant Allstate, alleging that they wrongfully paid the life insurance proceeds to Ms. Wallace and that this payment constituted a conversion under Maryland law. Defendant Allstate, an Illinois corporation, removed the case to this court, contending that Plaintiff fraudulently joined Defendant Premier, a Maryland corporation, in order to defeat diversity of citizenship. On November 14, 2003, Plaintiff moved to remand the case, while Defendant Allstate moved to dismiss the complaint.[2] On November 20, 2003, Defendant Premier also filed a motion to dismiss.

## II. Standards of Review

### A. Motion to Remand

On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701–2 (D.Md.1997) (internal quotation omitted). Defendants must prove the existence of diversity jurisdiction by a preponderance of the evidence. *See Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 510 (D.Md. 2002).

The "fraudulent joinder" doctrine, however, "permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999). This doctrine allows the district court "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)).

Because Defendant Allstate has not alleged outright fraud in Plaintiff's pleadings, the proper inquiry is whether Plaintiff has any possibility of recovery on her conversion claim. Defendant Allstate, as

---

1. In a related action, Plaintiff sued Wachovia Securities, Inc., for conversion of the life insurance proceeds. Judge Messitte denied Defendants' motion to compel arbitration and the case is on appeal. *Coots v. Wachovia Securities, Inc.*, 304 F.Supp.2d 694 (D.Md. 2003). None of the parties to the instant case advised the court that this removed action was related to the earlier case filed in this court.

2. Defendant Allstate actually filed a motion to dismiss or, in the alternative, for summary judgment. Because Defendant Allstate attached only a copy of the beneficiary forms— "which are referred to in the Complaint and upon which Plaintiff relies in bringing the action"—the court need not convert the motion to dismiss into one for summary judgment. *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md.1997), *aff'd*, 151 F.3d 180 (4th Cir.1998).

the party alleging fraudulent joinder, bears a heavy burden, as it "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall,* 6 F.3d at 232–33. This burden is even greater on the defendant than that of a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See Hartley,* 187 F.3d at 424. Nevertheless, Defendant Allstate argues that remand is improper because there is no possibility that Plaintiff can state a claim for conversion against Defendant Premier, the nondiverse defendant.

### B. Motions to Dismiss

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westing-*

*house Savannah River Co.,* 176 F.3d 776, 783 (4th Cir.1999) (citing *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell,* 412 F.2d 712, 715 (4th Cir.1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979).

### III. Analysis

#### A. Conversion under Maryland law.

■■ Under Maryland common law, a conversion "is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Allied Inv. Corp. v. Jasen,* 354 Md. 547, 560, 731 A.2d 957, 963 (Md.1999) (quoting *Interstate Ins. Co. v. Logan,* 205 Md. 583, 588–89, 109 A.2d 904, 907 (1954)). The question in this case is whether the insurance proceeds, or the checks issued as payment, are properly alleged to be the subject of a conversion. It is true that an "insurance policy" can be the subject of conversion, but care must be taken to apply the law properly. The authorities that categorically state that "[a]n insurance policy may be the subject of conversion," are referring to the written policy itself and not to the proceeds payable thereunder. For example, in *Durst v. Durst,* 225 Md. 175, 169 A.2d 755 (1961), the husband had taken out an insurance policy naming his then-wife as beneficiary.[3] After their di-

---

**3.** *See* generally, 44 ALR 2d 927 (Nature of Property or Rights Other Than Tangible Chat-

tels Which May Be Subject to Conversion).

vorce, the former wife kept the physical policy and refused to give it to her former husband when he sought possession of the policy in order to change the beneficiary. In that context, the Court of Appeals of Maryland stated: "It is settled law in Maryland that life insurance policies are choses in action, and as such may be the subject of a conversion." *Durst*, 225 Md. at 180, 169 A.2d 755 (internal citations omitted).

■ The Court of Appeals of Maryland recently has dealt with the tort of conversion and, among other things, noted that money cannot be the subject of conversion. In *Darcars Motors of Silver Springs, Inc. v. Borzym*, 379 Md. 249, 841 A.2d 828 (2004), the plaintiff had obtained a judgment for conversion, *inter alia*, of the $2500 down payment he had made on a car later repossessed. The court explained:

> We question whether the $2500 cash payment should have been recovered in conversion, however. As a general rule, money, i.e. currency, is not subject to a claim of conversion unless the plaintiff seeks to recover specific segregated or identifiable funds.

*Borzym*, 379 Md. at 258–59 n. 3, 841 A.2d 828 (citing, *inter alia, Jasen*, 354 Md. at 564, 731 A.2d 957). Plaintiff cannot, certainly, point to any particular currency as the subject of the purported conversion. In addition, a contractual debt does not give rise to a conversion claim, as "[f]ailure by a contracting party to pay the contract price or debt... is not conversion but merely breach of contract." *Brand Iron, Inc. v. Koehring Co.*, 595 F.Supp. 1037, 1040 (D.Md.1984). *See also Wang Labs., Inc. v. Burts*, 612 F.Supp. 441, 446 (D.Md. 1984) (generally, "failure to pay a contrac-

tual debt is not the equivalent of conversion").

Finally, Md.Code Ann., Commercial Law § 3–420 makes this law of conversion applicable to negotiable instruments. *See, e.g., Messing v. Bank of America, N.A.*, 373 Md. 672, 694–95, 821 A.2d 22, 34–35 (2003).

## B. Defendants

### 1. Premier

■ As Defendant Allstate correctly asserts, because it alone entered into the insurance policy with the decedent, Defendant "Premier did not, and could not, exercise dominion and control over insurance proceeds under an insurance contract to which Premier was not a party." Paper 14 at 5. Plaintiff is unable to refute this assertion.[4] Instead, Plaintiff alleges in the complaint that Defendant Premier "jointly participated" with Defendant Allstate "in the improper dominion and control" by wrongfully paying the life insurance proceeds. Paper 1 at ¶ 3. However, Plaintiff does not offer any facts to support this allegation; such an "unsupported contention is insufficient to establish a claim for which relief can be granted [for conversion]." *Century Nat'l Bank v. Makkar*, 132 Md.App. 84, 90, 751 A.2d 1, 4 (2000). Moreover, as stated above, the complaint utterly fails to the extent that it focuses on the proceeds paid under an insurance contract, rather than the physical contract itself. *Cf. Durst*, 225 Md. at 180, 169 A.2d 755. Allstate, and not Premier, issued the checks and, even if the checks were the subject of the alleged conversion, Premier cannot be held liable. Accordingly, Defendant Premier's motion to dismiss will be granted.

---

4. Defendant Allstate further notes that it solely made the decision to pay the life insurance proceeds and, as such, "[n]o allegation has been made, or could be made, that Premier

had a role in that decision-making process." Paper 14 at 5–6. Plaintiff does not challenge this assertion either.

Based on the foregoing discussion, Defendant Allstate has demonstrated fraudulent joinder, as there is no possibility that Plaintiff can establish a cause of action for conversion against nondiverse Defendant Premier. Accordingly, Plaintiff's motion to remand will be denied.

### 2. Allstate

On his life insurance policy, the decedent named Ms. Wallace as "Trustee for benefit of minor children" and signed the document. Paper 9, Ex. B. In accordance with the policy, upon decedent's death, Defendant Allstate paid the insurance proceeds to Ms. Wallace. It is a well-accepted principle "that an insurer who in good faith pays the proceeds of an insurance policy to a person, who by the policy is the proper recipient, is discharged from further liability." *Crosby v. Crosby*, 785 F.Supp. 1227, 1228–29 (D.Md.1992), *aff'd*, 986 F.2d 79, 83 (4th Cir.1993). Ms. Wallace "lawfully possessed" the proceeds as the designated trustee and, as against her, "[n]o claim for *actual* conversion is therefore possible." *Diamond v. T. Rowe Price Assoc., Inc.*, 852 F.Supp. 372, 410 (D.Md.1994) (emphasis in original).

Plaintiff appears now to recognize the principle that a common law conversion claim does not apply to the insurance proceeds themselves and argues instead that the conversion by Allstate was of the checks made payable to the trustee for the children, citing Md.Code Ann., Commercial Law § 3–420, which makes the law applicable to conversion of personal property also applicable to negotiable instruments. The checks, however, were payable to Cassandra Wallace as trustee for each of the minor children. In order to bring an action for conversion of a check, the plaintiff must have been the payee. *See Northwestern Nat'l Life Ins. Co. v. Laurel Fed. Sav. Bank*, 979 F.Supp. 354, 356–58 (D.Md.1996).

The children, moreover, were never in possession of the checks and had no right to possession of them. The party seeking recovery for conversion "must have either been in actual possession or have had the right to immediate possession in the converted asset." *First Union Nat'l Bank v. New York Life Ins. and Annuity Corp.*, 152 F.Supp.2d 850, 854–55 (D.Md.2001) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 64, 502 A.2d 1057, 1066 (1986)). Plaintiff has not alleged that the minor children ever had been in actual possession or ever had a right to immediate possession of the life insurance proceeds. Thus, the conversion claim cannot stand. *See Crosby v. Crosby*, 769 F.Supp. 197, 200 (D.Md.1991), *aff'd*, 986 F.2d 79 (4th Cir.1993). Accordingly, Defendant Allstate's motion to dismiss also will be granted.

## IV. Conclusion

For the foregoing reasons, the court will deny Plaintiff's motion to remand and will grant the motions to dismiss by Defendants Allstate and Premier. A separate Order will follow.